UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:21-cr-0273-SEB-TAB-01 |
| | ) | |
| CODY LONG, | ) | |
| | ) | |
| *Defendant*. | ) | |

**MOTION FOR AUTHORIZATION FOR FUNDS FOR TRAVEL EXPENSES**

Comes now Defendant, Cody Long ("Long"), by counsel, and respectfully submits this Motion for Authorization for Funds for Travel Expenses:

This matter is scheduled for jury trial on July 10, 2023, at 9:30 a.m. [Dkt. 36] Long's attorney-client meetings have taken place primarily by video conference throughout the pendency of these proceedings. This case, however, is now at a critical juncture as the parties are engaged in discussions to amicably resolve the case. The video-conference meetings have enabled the defense to review discovery with Long but does not provide for effective communication as it relates to critical discussions about the resolution of the case.

These sensitive discussions are nearly impossible to conduct remotely. Consequently, it is essential that counsel be permitted to visit Long in person to have these conversations. The defense is seeking the Court's authorization for counsel to travel to

Grayson Detention Center in Lietchfield, Kentucky during the week of March 6, 2023 to March 10, 2023 for a one-day visit with Long and for travel expenses.

## Statement of the Case

The Indictment [Dkt. 1], charges Long with three counts of distribution of controlled substances, namely actual methamphetamine, in violation of 21 U.S.C. section 841(a)(1). Long, a 26-year-old, has a potential advisory sentencing range of 151 to 188 months imprisonment, if he pleads guilty to the government's charges.

## Need for Funds to Travel for an In-Person Meeting with Long

It is axiomatic that in-person meetings are preferable to virtual or telephone conferences where important, life-altering matters need to be discussed. The American Bar Association Criminal Justice Standard for the Defense Function 4-3.3(b) recognizes this notion and proves that "[d]efense counsel should make every reasonable effort to meet in person with the client." ABA Standards for the Defense Function (4th ed. 2017). Indeed, in this age of post-pandemic, business leaders have been confronted with making determinations as to when meetings must be conducted in-person as opposed to remotely. Often, the recommendations are that where non-verbal cues are important, whether the matter to be discussed is simple or complex, in-person meetings should be the norm.[1]

---

[1] *See, e.g.*, forbes.com/sites/lbsbusinessstrategyreview/2021/10/25/why-do-we-have-face-to-face-meetings/?sh=112e29481f07.

We are now at a critical juncture in this case when Mr. Long must weigh the costs and benefits of proceeding to trial versus reaching a negotiated resolution or pleading open to the Court. Minimal negotiations have taken place with the government. The defense must now discuss all possible outcomes with Long. This is clearly a point where the ability to read non-verbal cues is paramount. Further, the in-person interview setting at Grayson Detention Center permits close discussion, which is not possible by video conference with Long seated 10 feet from a video screen. Further, the video feed and internet has proven unstable at times when displaying discovery.

The defense seeks funding from the undersigned to travel to Kentucky the week of March 6, 2023 to March 10, 2023 to conduct an in-person meeting to review discovery and to weigh Long's options. Such in-person meeting is estimated to take at least six hours to drive from Indianapolis to the facility and from the facility back to Indianapolis, along with at least four hours to meet and confer with Long. The undersigned will be meeting at the facility the following day for at least six hours with a client having an action pending under Case No. 1:22-cr-00919-SEB-TAB. As such, the defense is seeking travel expenses to include overnight lodging, mileage, and meals as outlined in a travel voucher that was submitted to this Court on March 2, 2023.

WHEREFORE, the Defendant, Cody Long, by counsel, respectfully requests an order approving travel and travel expenses for the defense to conduct an in-person

3

meeting with Long, and for all other relief just and proper in the premises.

                                          Respectfully submitted,

                                          /s/ Finis Tatum IV

                                          Finis Tatum IV
                                          **HOOVER HULL TURNER LLP**
                                          111 Monument Circle, Suite 4400
                                          Post Office Box 44989
                                          Indianapolis, Indiana 46244-0989
                                          Phone: (317) 822-4400
                                          Fax: (317) 822-0234
                                          ftatum@hooverhullturner.com

                                          *Attorney for Defendant, Cody Long*

1245469_1